IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FINANCIAL PACIFIC LEASING, INC.,        *

    Plaintiff,        *

                                     Case No. TDC-19-0981

v.        *

TOTAL WELLNESS MEDICAL CENTER        *
LLC, *et al.*,
                            *

    Defendants.

                      *     *     *     *     *     *

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff Financial Pacific Leasing, Inc.'s ("Financial Pacific") "Motion to Enter Default Judgment Against Defendant Total Wellness Medical Center LLC" ("Motion") (ECF No. 10). Defendants Total Wellness Medical Center LLC ("Total Wellness") and Miriam Martin ("Martin") (collectively, "Defendants") did not respond to the Motion and the time for doing so has expired.[1] *See* Loc. R. 105.2. On March 5, 2020, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Chuang referred this case to me for a report and recommendation on Plaintiff's Motion. (ECF No. 11.) I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiff's Motion be granted in part and denied in part.

---

[1] Financial Pacific does not seek the entry of default judgment against Martin (the sole member of Total Wellness) at this time. (ECF No. 10 at 1 n.1) (explaining that Martin filed a voluntary petition for bankruptcy protection on September 12, 2019, triggering the automatic stay pursuant to 11 U.S.C. § 362 as to Plaintiff's claims against Martin).

## I.     FACTUAL AND PROCEDURAL HISTORY

On April 1, 2019, Plaintiff filed its Complaint against Defendants. (ECF No. 1.) The Complaint contains three counts: Count 1, Breach of Contract (against Total Wellness); Count 2, Breach of Contract (against Martin); and Count 3, Replevin (against Total Wellness).

Plaintiff served its Complaint on Defendants (*see* ECF Nos. 5 & 6) but Defendants did not file an answer or responsive pleading within the requisite time period. Plaintiff moved for entry of default on July 18, 2019. (ECF No. 7.) The Clerk's Entry of Default was entered the same day. (ECF No. 8.) Notice of Default was mailed to Defendants. (ECF No. 9.) Plaintiff filed the Motion on January 7, 2020.[2]

## II.    LEGAL ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C.*

---

[2] On June 5, 2020, the Court directed Plaintiff to supplement its Motion with additional information about its claimed damages and the attorney's fees and costs it incurred. (ECF No. 12.) Plaintiff complied with the Court's directive and filed the supplemental information at ECF No. 13.

*v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151, at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

**B.     Liability**

The factual allegations pleaded in Plaintiff's Complaint are common to each count. In early 2018, Plaintiff and Defendants executed an Equipment Finance Agreement ("Agreement").[3] (ECF No. 1 ¶ 7.) The Agreement (ECF No. 1-1) provided secured financing for Total Wellness's purchase of one 105-7027-000 Tempsure System (the "Equipment"). (*Id.*) Under the Agreement,

---

[3] Martin signed the Agreement on behalf of Total Wellness on January 7, 2018, and Financial Pacific signed the Agreement on February 1, 2018.

Total Wellness granted Plaintiff a first priority security interest in the Equipment to secure Total Wellness's obligations under the Agreement. (ECF Nos. 1 ¶ 8 & 1-1 at 2, § 2.) Plaintiff perfected its security interest in the Equipment by filing a UCC Financing Statement with the Maryland Department of Assessments and Taxation on February 1, 2018. (ECF Nos. 1 ¶ 8 & 13-2 at 2.) Plaintiff filed a UCC Financing Statement Amendment on March 21, 2019. (ECF No. 13-2 at 3-4.)

The Agreement required Total Wellness to make monthly payments to Plaintiff for the financing of the Equipment according to a payment schedule. (ECF No. 1-1 at 2, 6.) The payment schedule required Total Wellness to make an advance payment of $50.00, two consecutive monthly payments of $50.00, and 60 consecutive monthly payments of $2,732.64. (*Id.* at 6.) The Agreement contains a Personal Guaranty executed by Martin, Total Wellness's sole member, whereby she "unconditionally and irrevocably guarantee [Total Wellness's] timely payment and performance of all obligations" under the Agreement. (ECF No. 1-1 at 2.)

The Agreement provides that the failure of Total Wellness "to pay any amount due under [the Agreement] when due" would cause it to be in default. (ECF No. 1-1 at 3, § 11.) The failure of a guarantor to perform its obligations would also cause Total Wellness to be in default. (*Id.*) If Total Wellness was in default, Plaintiff could elect to pursue "one or more" enumerated remedies:

> (1) retain your deposit and all payments made by you; (2) terminate this Agreement and any other agreements we have with you; (3) require you to immediately pay us a sum equal to all unpaid payments for the remainder of this Agreement, plus all other amounts due or to become due during the term of this Agreement; (4) require you to promptly return the Equipment to us at your expense . . . .

(ECF No. 1-1 at 3, § 11.)

The Agreement also provides that if Total Wellness was in default, it would be responsible for covering Plaintiff's attorney's fees and costs:

4

> You agree that all remedies are cumulative and not exclusive and you will be responsible for all costs and disbursements incurred in the enforcement of our remedies, including attorney fees and costs, whether or not suit becomes necessary, including those incurred in connection with an appeal or bankruptcy proceeding, plus costs incurred in Equipment repossession, redelivery, storage and repair . . . .

(*Id.*)

Plaintiff alleges that Total Wellness breached the Agreement by "among other things, failing to make payments to [Plaintiff] when and as due." (ECF No. 1 ¶ 11.) In addition, Plaintiff alleges that Martin "failed to pay or perform any obligations owed by [Total Wellness] under the Agreement" and failed to comply with her obligations under the Personal Guaranty. (*Id.* ¶ 12.) As such, Plaintiff asserts that Defendants are in default. Because of Defendants' default, Plaintiff "accelerated the balance due under the Agreement and demanded payment thereof." (*Id.* ¶ 13.) Plaintiff notified Total Wellness in writing "of its default, acceleration of the obligations and [Plaintiff's] intention to enforce the Finance Agreement." (*Id.* ¶ 14; *see also* ECF No. 1-3.) Defendants did not make the required payment and Martin failed to perform her obligations as the guarantor under the Agreement. (*Id.* at ¶¶ 15-16.) In addition, Total Wellness failed to surrender the Equipment to Plaintiff when demanded to do so. As a result of Defendants' default and breach of the Agreement, Plaintiff sustained financial losses. (*Id.* ¶ 19.)

### 1.    Count 1 – Breach of Contract

In Count 1, Plaintiff asserts a breach of contract claim against Total Wellness.[4] (ECF No. 1 ¶¶ 20-23.) In Washington, "[i]n a breach of contract action, the plaintiff must prove that a valid agreement existed between the parties, the agreement was breached, and the plaintiff was

---

[4] Because the Agreement's choice of law clause states that "all matters related to this Agreement are governed by the laws of the State of Washington," the Court will apply the substantive law of Washington to Financial Pacific's claims. (ECF No. 1-1 at 3, § 15.) The Court notes that Financial Pacific "is a corporation organized under the laws of the State of Washington, with its principal place of business located in Federal Way, Washington." (ECF No. 1 ¶ 1.)

damaged." *Univ. of Washington v. Gov't Employees Ins. Co.*, 200 Wash. App. 455, 467, 404 P.3d 559, 566 (2017). Accepting as true the well-pleaded allegations of the Complaint, Plaintiff has established Total Wellness's liability for breach of contract.

The Agreement is a valid contract between Plaintiff and Total Wellness. Total Wellness had an obligation to make monthly payments to Plaintiff, and it failed to make these payments. This put Total Wellness in default. Plaintiff exercised the remedies available to it under the Agreement, including an acceleration of the balance due and a demand for the return of the Equipment. In breach of its obligations under the Agreement, Total Wellness did not comply with Plaintiff's demands for payment or return of the Equipment. As a result, Plaintiff sustained financial losses. Accordingly, Plaintiff has demonstrated that Total Wellness is liable for its breach of contract claim in Count 1. I recommend that the Motion be granted as to liability for this count.

### 2.    Count 3 – Request for Writ of Replevin

In Count 3, Plaintiff asserts a claim for replevin against Total Wellness. (ECF No. 1 ¶¶ 27-30.) In Washington, "[r]eplevin is a special statutory proceeding 'to determine title to, or right of possession of, personal property.'" *SEIU Healthcare Nw. Training P'ship v. Evergreen Freedom Found.*, 5 Wash. App. 2d 496, 500, 427 P.3d 688, 691 (2018) (quoting *Apgar v. Great Am. Indem. Co.*, 171 Wash. 494, 498, 18 P.2d 46 (1933)). The elements of replevin are "ownership of the property, a right to its possession, a demand on the respondents for its surrender, their refusal to surrender it, and their consequent wrongful detention of same." *SEIU Healthcare*, 5 Wash. App. 2d at 500 (quoting *Page v. Urick*, 31 Wash. 601, 603-04, 72 P. 454 (1903)).

Accepting as true the well-pleaded allegations of the Complaint, Plaintiff has established that it is entitled to the return of the Equipment under Washington's law of replevin. Because Defendants breached their obligations under the Agreement, they are in default. Since Defendants

are in default, Plaintiff is permitted to seek the immediate return of the Equipment. Total Wellness has not complied with Plaintiff's demands that the Equipment be returned. To date, Total Wellness remains in wrongful possession of the Equipment. This has caused Financial Pacific to suffer financial loss. I recommend that the Motion be granted as to Count 3.

### C.  Damages

Having determined that Plaintiff has established liability, it is now appropriate to determine the damages and remedies to which it is entitled. The damages and relief that Plaintiff seeks in its Motion are appropriate under Rule 54(c) so long they do "not differ in kind from, or exceed in amount, what is demanded in the pleadings," and to the extent that "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010).

### 1.  Damages Claimed by Plaintiff

Plaintiff requests that the Court:

A.      Enter judgment by default against defendant Total Wellness Medical Center LLC, in the total amount of $172,507.33, plus attorneys' fees and expenses . . ., with post-judgment interest at the legal rate until the judgment is fully paid;

B.      Enter judgment by default in favor of Financial Pacific Leasing, Inc. and against Defendant Total Wellness Medical Center LLC for the recovery of possession of the Equipment (as defined in the Complaint), and award final possession of the Equipment to Financial Pacific;

C.      Award Financial Pacific Leasing, Inc. damages for the wrongful detention of the Equipment (as defined in the Complaint), and enter judgment in Financial Pacific's favor and against Defendant Total Wellness Medical Center LLC, in the amount of $20,000.00, or in such other amount according to proof, plus reasonable attorneys' fees and expenses in an amount to be determined in separate proceedings, interest, costs of this action, and other Agreement incurred by Financial Pacific in enforcing its rights under the Lease; and

D.      Grant such other and further relief as it deems necessary or appropriate.

(ECF No. 10 at 4.)

In support of its request for damages, Plaintiff has submitted two affidavits. The first affidavit is signed by Keith Tomasch ("Mr. Tomasch"), a "Loss Recovery Legal Specialist and Authorized Agent" of Plaintiff. (ECF No. 10-1.) Mr. Tomasch states that he has personal knowledge of Plaintiff's "books of accounts and records concerning this matter." (*Id.* at 1.) He affirms the truth of the allegations made in Plaintiff's Complaint. (*Id.* at 1-3.) Mr. Tomasch states that the Equipment that Total Wellness has failed to return to Plaintiff "has an approximate fair market value of $20,000 assuming normal wear and tear." (*Id.* at 3.) He goes on to state that Plaintiff's damages from Total Wellness's breach amount to $172,507.33 as of January 6, 2020, and comprise:

- Unpaid principal of $155,978.51;
- Allowable late charges totaling $16,463.814;
- Allowable miscellaneous charge of $65.68;
- For a total of $172,507.33, not including legal fees and expenses.[5]

(*Id.* at 4.)

Mr. Tomasch also states that Plaintiff incurred attorney's fees and expenses in connection with Total Wellness's breach of the Agreement. (*Id.*)

The second affidavit is signed by Jessica Bailey ("Ms. Bailey"), a "Loss Recovery Legal Specialist and Authorized Agent" of Plaintiff.[6] (ECF No. 13.) Ms. Bailey states that she is familiar with the books and records that Plaintiff maintains about this matter. (*Id.* at 1.) She affirms the truth of the allegations made in Plaintiff's Complaint. (*Id.* at 1-3.) She states that the Equipment that Total Wellness has failed to return "has an approximate fair market value of $20,000 assuming normal wear and tear." (*Id.* at 4.) As to Plaintiff's other damages, Ms. Bailey notes that Section 4

---

[5] These numbers do not add up to $172,507.33.

[6] This affidavit was submitted in compliance with the Court's order that Plaintiff "explain and provide appropriate documentation for the calculation of the damages claimed in paragraph 16 of the Motion." (ECF No. 12.)

of the Agreement permits Plaintiff to "assess a late fee of ten percent of the total due in the event that Total Wellness failed to make timely payments under the Finance Agreement." (*Id.*; ECF No. 1-1 at 3, § 4.) She explains that Plaintiff's total damages of $172,507.33 as of June 10, 2020, comprise:

> - Unpaid principal of $155,978.51;
> - Allowable late charges totaling $16,463.814[7];
> - Allowable miscellaneous charge of $65.68;
>> - The miscellaneous charges are $.43 for insurance premiums, $.22 for insurance finance, $.03 for insurance billing, $5.00 for a personal profile, $55.00 for a GPS field call and $5.00 for a personal credit. The fees related to insurance are authorized pursuant to Section 9 of the Agreement and the remaining fees are authorized pursuant to Section 11 of the Agreement.
> - For a total of $172,507.33, not including legal fees and expenses.

(*Id.* at 4-5.)

Ms. Bailey incorporates into her affidavit a copy of Plaintiff's records relating to Total Wellness's unpaid principal balance and related charges. (*Id.* at 6-8.)

### 2. Damages for Unpaid Principal and Related Charges

Having considered Mr. Tomasch and Ms. Bailey's explanation of Plaintiff's damages, and having reviewed the records attached to Ms. Bailey's affidavit, I find that the damages that Plaintiff seeks in the amount of $172,507.33 (including unpaid principal of $155,978.51; allowable late charges totaling $16,463.14; and allowable miscellaneous charge of $65.68) are supported by the record. Plaintiff is entitled to total damages in the amount of $172,507.33 for Total Wellness's breach of the Agreement. *See generally Trustees of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *5 (D. Md. Jan. 21, 2016) ("Where a complaint demands a specific amount of damages *and* unspecified additional amounts . . . so long

---

[7] There is a typo in Ms. Bailey's affidavit. Reference to the account records indicates that the correct amount for "Late Charges" is $16,463.14. (*See* ECF No. 13 at 6.)

as a defendant has notice that additional unspecified damages may be awarded if the case proceeds to judgment, general allegations in the complaint may suffice to support default judgment in an amount that is proven, either by way of exhibits, affidavits, and other documentation in support of a motion for default judgment, or at a hearing.") (emphasis in original).  I recommend that the Court award damages in the amount of $172,507.33 to Plaintiff.

### 3.      Return of the Equipment to Plaintiff

I also recommend that the Court "award final possession of the Equipment to Financial Pacific." (ECF No. 10 at 3.) Under the terms of the Agreement, Plaintiff is entitled to the return of the Equipment to its possession. (ECF No. 1-1 at 3, § 11.) Plaintiff sought this relief in its Complaint and in its Motion, and it is appropriate for the Court to award this relief to Plaintiff in light of Total Wellness's default.

 I recommend that the Court deny Plaintiff's request for "damages for the wrongful detention of the Equipment . . . in the amount of $20,000.00." Because I recommend that Plaintiff be awarded possession of the Equipment, allowing an additional damages award for the value of the Equipment would give Plaintiff a double recovery. The record does not support that Plaintiff is entitled to a double recovery in this matter. Furthermore, Plaintiff did not request this type of relief in its Complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The only damages Plaintiff requested for the wrongful detention of the Equipment were related to Total Wellness's unpaid principal and associated charges. (ECF No. 1 ¶ 30.)

### 4.      Attorney's Fees and Costs

Plaintiff also seeks an award of attorney's fees and costs. Under the Agreement, Plaintiff is entitled to "attorney fees and costs . . . including those incurred in connection with an appeal or

bankruptcy proceeding, plus costs incurred in Equipment repossession, redelivery, storage and repair." (ECF No. 1-1 at 3, § 11.) In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Fourth Circuit has stated that a court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides that lawyers admitted to the bar for twenty years or more may reasonably bill $300-475 per hour and that lawyers admitted to the bar for five to eight years may reasonably bill $165-300 per hour. Paralegals and law clerks may reasonably bill $95-150 per hour. These rates serve as guidelines in determining the reasonableness of hourly rates.

In support of its claim for attorney's fees and costs, Plaintiff has submitted the Declaration of Steven N. Leitess ("Mr. Leitess") (ECF No. 13-5.) Mr. Leitess is a partner at the law firm of Silverman Thompson Slutkin White LLC, and is counsel for Plaintiff in this case. (*Id.* at 1.) Mr. Leitess is familiar with his law firm's books and records concerning the attorney's fees and costs that Plaintiff incurred in this case. (*Id.* at 1-2.) He states that "[a]s of June 11, 2020, Financial Pacific has incurred attorneys' fees of $10,882.50 and costs of $635.24, for a total of $11,517.74" in connection with the litigation in this case and Plaintiff's efforts to "enforc[e] its rights under the

contracts at issue." (*Id.* at 3.) Plaintiff's attorneys' billing records are incorporated into Mr. Leitess's Declaration. (ECF No. 13-5 at 6-16.) Mr. Leitess affirms that all of the "time and expenses claimed . . . are reasonable and were necessary for Financial Pacific's prosecution of its Complaint against the Defendants." (*Id.* at 3-4.)

Throughout this case, Plaintiff has been represented by Mr. Leitess, Jodie Buchman, and Pierce Murphy. Mr. Leitess and Ms. Buchman have both been admitted to the bar for more than 20 years. (*Id.* at 4.) Mr. Murphy has been admitted to the bar for more than eight years. (*Id.*) The hourly rates charged by each of the attorneys are within the guidelines set forth in the Local Rules and I find that their hourly rates are reasonable. *See* Loc. R., App'x. B. Plaintiff's attorneys were also assisted by a number of paralegals. The paralegals charged hourly rates within the guidelines set forth in the Local Rules, *see id.*, and I find that their rates are reasonable.

The time that Plaintiff's attorneys and paralegals spent working on this case is summarized in Mr. Leitess's affidavit and detailed in the incorporated billing records. I find that the time that Plaintiff's attorneys and paralegals spent working on this case was reasonable.[8] I recommend that the Court award Plaintiff attorney's fees in the amount of $10,882.50.

Finally, Plaintiff seeks an award of $635.24 in costs. Plaintiff does not explain the basis for these costs or cite to any documentation to support an award in this amount. I recommend that Plaintiff be awarded only $400.00 in costs, which is the fee that Plaintiff incurred for filing the

---

[8] The Agreement includes a broad provision that requires the party in default to pay for Financial Pacific's "attorney fees and costs, whether or not suit becomes necessary, *including those incurred in connection with an appeal or bankruptcy proceeding*, plus costs incurred in Equipment repossession, redelivery, storage and repair . . . ." (ECF No. 1-1 at 3, § 11) (emphasis added).

Complaint.[9] I recommend that the Court deny Plaintiff's request for costs in excess of this amount because Plaintiff has not demonstrated that such additional costs were incurred.[10]

## III.    CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Motion be granted in part and denied in part. I recommend that the following relief and damages be awarded to Plaintiff:

1.    Enter judgment by default against Defendant Total Wellness Medical Center, LLC and in favor of Plaintiff Financial Pacific Leasing, Inc.;

2.    Award Plaintiff Financial Pacific Leasing, Inc. damages against Defendant Total Wellness Medical Center, LLC in the amount of $183,789.83 (including $172,507.33 for unpaid principal and related charges, $10,882.50 for attorney's fees, and $400.00 for costs) plus post-judgment interest at the legal rate until the judgment is fully paid; and,

3.    Award Plaintiff final possession of the Equipment (one 105-7027-000 Tempsure System) that is in the possession of Defendant Total Wellness Medical Center, LLC, and which is described in the Complaint.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

August 26, 2020                                    _____/s/_____
Date                                               Timothy J. Sullivan
                                                   United States Magistrate Judge

---

[9] *See* https://www.mdd.uscourts.gov/sites/mdd/files/ScheduleofFees.pdf.
[10] The Court directed Plaintiff to include in its supplement to the Motion "receipts for any expenses for which Plaintiff will request reimbursement." (ECF No. 12.)